CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Teresa Allen, SBN 264865
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, <br> Plaintiff, <br> v. <br> **Flamengo & Teng Associates No.2, L.P.,** a California Limited Partnership; <br> **Su Li Teng;** <br> **Denedualdo V. Loy;** <br> **Dusita Thai Cuisine,** a California Corporation; and Does 1-10, <br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Scott Johnson complains of Defendants Flamengo & Teng Associates No.2, L.P., a California Limited Partnership; Su Li Teng; Denedualdo V. Loy; Dusita Thai Cuisine, a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual

1

Complaint

dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2. Defendant Flamengo & Teng Associates No.2, L.P. owned the real property located at or about 2325 El Camino Real, Santa Clara, California, in August 2016.

3. Defendant Flamengo & Teng Associates No.2, L.P. owned the real property located at or about 2325 El Camino Real, Santa Clara, California, in October 2016.

4. Defendant Flamengo & Teng Associates No.2, L.P. owned the real property located at or about 2325 El Camino Real, Santa Clara, California, in November 2016.

5. Defendant Flamengo & Teng Associates No.2, L.P. owned the real property located at or about 2325 El Camino Real, Santa Clara, California, in December 2016.

6. Defendant Flamengo & Teng Associates No.2, L.P. owns the real property located at or about 2325 El Camino Real, Santa Clara, California, currently.

7. Defendant Su Li Teng owned the real property located at or about 2325 El Camino Real, Santa Clara, California, in August 2016.

8. Defendant Su Li Teng owned the real property located at or about 2325 El Camino Real, Santa Clara, California, in October 2016.

9. Defendant Su Li Teng owned the real property located at or about 2325 El Camino Real, Santa Clara, California, in November 2016.

10. Defendant Su Li Teng owned the real property located at or about 2325 El Camino Real, Santa Clara, California, in December 2016.

11. Defendant Su Li Teng owns the real property located at or about 2325 El Camino Real, Santa Clara, California, currently.

12. Defendant Denedualdo V. Loy owned the Las Flamas located at or

Complaint

about 2325 El Camino Real, Santa Clara, California, in August 2016.

13. Defendant Denedualdo V. Loy owned the Las Flamas located at or about 2325 El Camino Real, Santa Clara, California, in October 2016.

14. Defendant Denedualdo V. Loy owned the Las Flamas located at or about 2325 El Camino Real, Santa Clara, California, in November 2016.

15. Defendant Denedualdo V. Loy owned the Las Flamas located at or about 2325 El Camino Real, Santa Clara, California, in December 2016.

16. Defendant Denedualdo V. Loy owns the Las Flamas ("Las Flamas") located at or about 2325 El Camino Real, Santa Clara, California, currently.

17. Defendant Dusita Thai Cuisine owned the Dusita Thai Cuisine located at or about 2325 El Camino Real, Santa Clara, California, in August 2016.

18. Defendant Dusita Thai Cuisine owned the Dusita Thai Cuisine located at or about 2325 El Camino Real, Santa Clara, California, in October 2016.

19. Defendant Dusita Thai Cuisine owned the Dusita Thai Cuisine located at or about 2325 El Camino Real, Santa Clara, California, in November 2016.

20. Defendant Dusita Thai Cuisine owned the Dusita Thai Cuisine located at or about 2325 El Camino Real, Santa Clara, California, in December 2016.

21. Defendant Dusita Thai Cuisine owns the Dusita Thai Cuisine ("Dusita Thai Cuisine") located at or about 2325 El Camino Real, Santa Clara, California, currently.

22. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities,

connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

23. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

24. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

25. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

26. Plaintiff has gone to Las Flamas and Dusita Thai Cuisine on a number of occasions during the relevant statutory period, including August 2016, October 2016, November 2016 and December 2016. Plaintiff went there to eat.

27. Las Flamas and Dusita Thai Cuisine are facilities open to the public, places of public accommodation, and business establishments.

28. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Las Flamas and Dusita Thai Cuisine.

29. Unfortunately, the parking lot serving Las Flamas and Dusita Thai Cuisine is not van accessible.

30. There is one parking space marked and reserved for persons with disabilities but it measured 96 inches in width while the access aisle measured

Complaint

just 60 inches in width. This is not van accessible.

31. Additionally, the parking stall and access aisle were not level with each other because there was a built up curb ramp running into the access aisle.

32. This curb ramp caused slopes greater than 2.1%.

33. The standard handicap parking space did not have the required "Minimum Fine $250" signage.

34. The standard handicap parking space did not have the required tow-away signage.

35. The standard handicap parking space did not have the required "NO PARKING" lettering in the access aisle.

36. Currently, there is one standard handicap parking space but the parking space is not compliant with the law.

37. Currently, there is no van-accessible parking.

38. Currently, Defendants fail to maintain this parking space in compliance with the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

39. Currently, the parking stall and access aisle are not level with each other because there is a built up curb ramp running into the access aisle.

40. Currently, this curb ramp causes slopes greater than 2.1%.

41. Currently, the standard handicap parking space does not have the required "Minimum Fine $250" signage.

42. Currently, the standard handicap parking space does not have the required tow-away signage.

43. Currently, the standard handicap parking space does not have the required "NO PARKING" lettering in the access aisle.

44. The Defendants had no policy or plan in place to make sure that the parking space reserved for persons with disabilities remained useable prior to plaintiff's visits.

45. The Defendants have no policy or plan in place to make sure that the

Complaint

parking space reserved for persons with disabilities remain useable, currently.

46. Additionally, there is an insufficient number of accessible parking spaces. There are approximately 27 parking spaces in the parking lot but only 1 space is reserved for persons with disabilities.

47. Path of travels are another one of the facilities, privileges, and advantages offered by Defendants to patrons of Las Flamas and Dusita Thai Cuisine.

48. The path of travel to the restroom of Las Flamas was less than 36 inches. It was obstructed by kitchen supplies that were stored there.

49. The path of travel from the handicap parking space was narrowed to less than 36 inches because of a telephone booth.

50. Currently, the path of travel to the restroom of Las Flamas is less than 36 inches. It is obstructed by kitchen supplies that are stored there.

51. Currently, the path of travel from the handicap parking space is narrowed to less than 36 inches because of a telephone booth.

52. Transaction counters are also one of the facilities, privileges, and advantages offered by Defendants to patrons of Las Flamas.

53. The transaction counter at Las Flamas was more than 36 inches in height.

54. There was no lowered, 36 inch portion of the transaction counter at Las Flamas for use by persons in wheelchairs.

55. Currently, the transaction counter at Las Flamas is more than 36 inches in height.

56. Currently, there is no lowered, 36 inch portion of the transaction counter at Las Flamas for use by persons in wheelchairs.

57. Restrooms are one of the facilities, privileges, and advantages offered by Defendants to patrons of Dusita Thai Cuisine.

58. The restroom mirror was mounted on the wall so that its bottom edge

Complaint

was more than 40 inches above the finish floor.

59. The restroom sink was mounted such that the counter or rim was higher than 34 inches above the finish floor.

60. The paper towel dispenser was mounted so that its highest operable part was greater than 54 inches above the finish floor and inaccessible to wheelchair users.

61. There was no clear floor space in front of the disposable toilet seat cover dispenser because it was mounted on the wall behind the toilet.

62. Currently, the restroom mirror is mounted on the wall so that its bottom edge is more than 40 inches above the finish floor.

63. Currently, the restroom sink is mounted such that the counter or rim is higher than 34 inches above the finish floor.

64. Currently, the paper towel dispenser is mounted so that its highest operable part is greater than 54 inches above the finish floor and inaccessible to wheelchair users.

65. Currently, there is no clear floor space in front of the disposable toilet seat cover dispenser because it is mounted on the wall behind the toilet.

66. The barriers existed during each of plaintiff's visits in 2016.

67. The plaintiff frequents the Santa Clara area and has visited there on scores of occasions last year. He ate at Dusita Thai Cuisine in October 2016 and December 2016 and Las Flamas in November 2016 and encountered the barriers. He visited Las Flamas and Dusita Thai Cuisine on two other occasions but was deterred from going inside.

68. Plaintiff visited Las Flamas and Dusita Thai Cuisine once in August 2016.

69. Plaintiff visited Las Flamas and Dusita Thai Cuisine twice in October 2016.

70. Plaintiff visited Las Flamas once in November 2016.

7

Complaint

71. Plaintiff visited Dusita Thai Cuisine once in December 2016.

72. These barriers caused Plaintiff difficulty and frustration.

73. Plaintiff would like to return and patronize Las Flamas and Dusita Thai Cuisine but will be deterred from visiting until the defendants cure the violations.

74. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

75. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

76. Plaintiff is and has been deterred from returning and patronizing Las Flamas and Dusita Thai Cuisine because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize Las Flamas and Dusita Thai Cuisine as a customer once the barriers are removed.

77. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

78. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

79. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

80. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

    Appendix "D."

  c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

81. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

82. Here, the lack of a van-accessible parking space is a violation of the law.

83. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.3. Here, the access aisle is not level and has a ramp taking up part of the access aisle. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. *Id*. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

84. Here, the failure to provide level parking is a violation of the law.

85. Any business that provides parking spaces must provide accessible

Complaint

parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method, color of marking, and length of the parking space are to be addressed by state or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length. CBC § 11B-502.2. The access aisle must extend the full length of the parking spaces it serves. 2010 Standards § 502.3.2. Under the California Building Code, a sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. CBC § 1129B.4. The surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. *Id*.

86. Here, Defendants failed to post the required "Minimum Fine $250" signs, in violation of the ADA.

87. Here, Defendants failed to post the required tow-away signs, in violation of the ADA.

88. Here, there was no "NO PARKING" lettering in the access aisle, in violation of the ADA.

89. Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. According to the 1991 Standards, if a parking lot has 27 spaces, it must have 2 accessible parking spaces. 1991 Standards § 4.1.2(5)(a). Under the 2010 Standards, a parking lot with 27 spaces must have 2 accessible spaces. 2010 Standards § 208.2 and 1 of them must be van accessible. *Id*. at

Complaint

208.2.4.

90. Here, there was only one parking space marked and reserved for persons with disabilities and it was not van accessible.

91. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. The minimum clear width of an accessible route shall be 36 inches. 1991 Standards § 4.3.3.

92. Here, the failure to provide an accessible path of travel to the restroom is a violation of the ADA.

93. Here, the failure to provide an accessible path of travel from the handicap parking space is a violation of the ADA.

94. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

95. Here, no such accessible counter has been provided in violation of the ADA.

96. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3.

97. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA.

98. Sinks must be mounted so that the counter or rim is no higher than 34 inches above the finish floor. 1991 Standards § 4.24.2; 2010 Standards §

Complaint

606.3.

99. Here, the sink was mounted higher than the maximum permitted and is a violation of the ADA.

100. If controls, dispensers, receptacles or other equipment is provided in a restroom, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 54 inches above the floor. 1991 Standards § 4.22.7; 4.27.

101. Here, the failure to ensure that the wall mounted accessories met the height requirement is a violation of the ADA.

102. Clear floor space that allows a forward or a parallel approach by a person using a wheelchair shall be provided at controls, dispensers, receptacles, and other operable equipment. 1991 Standards § 4.27.2; 2010 Standards § 309.2.

103. Here, the failure to provide such floor space is a violation of the ADA.

104. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

105. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

106. Given its location and options, plaintiff will continue to desire to patronize Las Flamas and Dusita Thai Cuisine but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

13

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

107. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

108. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

109. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

110. Although the plaintiff was markedly frustrated by facing discriminatory barriers and this frustration possibly qualifies as an emotional distress injury, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest frustration and physical personal injury greater than the amount of the statutory damages.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: February 7, 2017        CENTER FOR DISABILITY ACCESS

By: _____
Russell Handy, Esq.
Attorney for plaintiffs

Complaint